UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

**ASHLEY CHESTER,**

    Plaintiff,

                                              Case No. _____
                                              Hon. _____

v.

**QUALITY FREIGHT LOGISTICS,**

    Defendant.

## **COMPLAINT AND JURY DEMAND**

## **JURY DEMAND**

Plaintiff demands a trial by jury in this matter.

## **PARTIES**

1. Plaintiff Ashley Chester ("Plaintiff") is an African-American woman residing in Wayne County, Michigan.

2. Defendant Quality Freight Logistics ("Defendant") is a Michigan business entity with offices at 48797 Alpha Drive, Suite 120, Wixom, Michigan 48393, employing more than fifteen employees.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under 42 U.S.C. § 1981.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391 because Defendant is located in this District and the events giving rise to this case occurred here.

## GENERAL FACTUAL ALLEGATIONS

6. Plaintiff was hired as a Logistics Coordinator on August 28, 2023, and promoted to Senior Coordinator in September 2024.

7. Plaintiff excelled in her roles, earning "Broker of the Week" three times, achieving among the highest workflow scores in the company, and successfully managing accounts.

8. Plaintiff was qualified for her positions at all times relevant and consistently performed above expectations.

9. Plaintiff was subjected to discrimination and harassment based on her race, color, and sex. White and/or non-Black male coworkers, including Malik Bazzi, Jack Slavin, and Tyler, were treated more favorably: their mistakes

were excused, they were praised publicly, and they were promoted with support.

10. Plaintiff's accomplishments were minimized, and she was subjected to microaggressions, scapegoating, and gaslighting. She was unfairly blamed for issues beyond her control and denied recognition regularly afforded to male peers.

11. Plaintiff also observed a pattern of discriminatory treatment toward other female employees, confirming her experiences were not isolated.

12. In September 2024, Plaintiff was promoted but placed on a "glass cliff" assignment with heavier responsibilities and insufficient support.

13. Shortly thereafter, she was subjected to unusual and inconsistent performance reviews. Despite high scores, she was criticized, threatened, and given a failing mark on a test that was supposed to be non-pass/fail.

14. The cumulative stress of discrimination, scapegoating, and undermining took a toll on Plaintiff's health. On December 23, 2024, she required emergency surgery.

15. Plaintiff notified HR of her condition and exercised her right to take leave. The leave was necessitated by the stress and conditions created by Defendant's discriminatory workplace.

16. During her leave, supervisors offered no support. When Plaintiff briefly returned on December 26, she was sent home in pain. When she resumed work in January 2025, management excluded her from meetings and stripped her of responsibilities.

17. On January 13, 2025, Plaintiff's supervisor Malik Bazzi expressed fear of losing his job and shifted blame to Plaintiff.

18. On January 15, 2025, less than three weeks after her protected medical leave, Plaintiff was terminated under the pretext of poor performance.

19. Plaintiff's termination was retaliatory and discriminatory, scapegoating her for management's failures and punishing her for exercising her rights.

20. Defendant's conduct caused Plaintiff to suffer economic losses, emotional distress, reputational harm, and other damages, as further set forth herein.

## **COUNT I – VIOLATION OF 42 U.S.C. § 1981 (Race Discrimination and Retaliation)**

21. Plaintiff repeats and realleges the paragraphs above as if fully stated herein.

22. Plaintiff is African-American, a member of a protected racial class.

23. Plaintiff was qualified for her positions and consistently performed above expectations.

24. Plaintiff suffered adverse actions, including harsher scrutiny, denial of recognition, scapegoating, and termination.

25. White and/or non-Black male coworkers in similar roles were treated more favorably and not terminated for comparable or greater mistakes.

26. These circumstances give rise to an inference of racial discrimination.

27. Plaintiff also engaged in protected activity by opposing discrimination and taking protected medical leave.

28. Defendant retaliated by withdrawing support and terminating Plaintiff shortly after these activities.

29. Defendant's conduct violated 42 U.S.C. § 1981.

## COUNT II – RACE AND COLOR DISCRIMINATION (Michigan ELCRA, MCL 37.2101 et seq.)

30. Plaintiff repeats and realleges the paragraphs above as if fully stated herein.

31. Plaintiff is African-American and of a protected color.

32. Plaintiff was qualified for her job and performed it successfully.

33. Plaintiff suffered adverse actions, including scapegoating, denial of recognition, and termination.

5

34. Non-Black coworkers outside her protected class were treated more favorably under similar circumstances.

35. These facts establish a prima facie case of race and color discrimination.

36. Defendant's conduct violated ELCRA.

### COUNT III – SEX AND GENDER DISCRIMINATION (ELCRA)

37. Plaintiff repeats and realleges the paragraphs above as if fully stated herein.

38. Plaintiff is female, a member of a protected sex and gender class.

39. Plaintiff was qualified and consistently performed above expectations.

40. Plaintiff suffered adverse actions, including denial of recognition, harsher discipline, exclusion, scapegoating, and termination.

41. Male coworkers were treated more favorably, receiving praise, leniency, and advancement.

42. Defendant's conduct violated ELCRA.

### COUNT IV – RETALIATION (ELCRA)

43. Plaintiff repeats and realleges the paragraphs above as if fully stated herein.

44. Plaintiff engaged in protected activity by opposing discrimination, reporting unfair treatment, and taking protected medical leave necessitated by workplace-created stress.

45. Plaintiff was qualified for her job and continued to perform well.

46. Plaintiff was subjected to adverse actions, including exclusion, scapegoating, and termination.

47. The temporal proximity between Plaintiff's protected activity and her termination—less than three weeks after her leave—demonstrates causation.

48. Defendant's conduct violated ELCRA.

## COUNT V – HOSTILE WORK ENVIRONMENT (ELCRA)

49. Plaintiff repeats and realleges the paragraphs above as if fully stated herein.

50. Plaintiff is a member of protected classes of race, color, and sex.

51. Plaintiff was subjected to unwelcome harassment, including microaggressions, scapegoating, gaslighting, and undermining of her work.

52. The harassment was based on Plaintiff's race, color, and sex, as evidenced by the disparate treatment of white and/or non-African American male coworkers and hostile treatment of women.

53. The harassment was severe and pervasive enough to alter the conditions of Plaintiff's employment and create a hostile work environment.

54. Defendant failed to take corrective action despite knowledge of discriminatory conduct.

55. Defendant's conduct violated ELCRA.

## COUNT VI – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

56. Plaintiff repeats and realleges the paragraphs above as if fully stated herein.

57. Plaintiff engaged in protected activity by opposing discrimination and taking medical leave necessitated by workplace-created stress.

58. Plaintiff was terminated on January 15, 2025, under false and pretextual grounds.

59. Michigan public policy prohibits terminating an employee for opposing unlawful discrimination or exercising statutory rights.

60. Defendant's termination of Plaintiff violated public policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

1. Back pay, front pay, and lost benefits;

2. Compensatory damages for emotional distress, humiliation, and reputational harm;

3. Punitive damages where permitted by law;

4. Attorney's fees and costs;

5. Pre-judgment and post-judgment interest; and

6. All other relief the Court deems just and proper.

Date: September 3, 2025               Respectfully submitted,

                                      Carla D. Aikens, PLC
                                      /s/ Carla D. Aikens
                                      Carla D. Aikens (P69530)
                                      615 Griswold St., Suite 709
                                      Detroit, MI 48226
                                      Phone: (844) 835-2993
                                      Email: carla@aikenslawfirm.com
                                      Attorney for Plaintiff